UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

IN RE:

MICHELLE THOMAS AND MICHAEL A.
THOMAS,

DEBTORS.

CHAPTER 11

CASE NO. 19-23539-rdd

JUDGE: Robert D. Drain

MOTION DATE:  December 2, 2020

MOTION TIME:  10:00 a.m.

## AFFIRMATION IN FURTHER SUPPORT OF *IN REM* MFR

Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar") as Servicer for Wells Fargo Bank, National Association, as Trustee for Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("Secured Creditor"), by and through its attorneys, Shapiro, DiCaro & Barak, LLC, as and for its Affirmation in Further Support of the Motion for Relief, filed on November 12, 2019, respectfully affirms the following to be true under penalty of perjury:

1.     I am an Attorney with Shapiro, DiCaro & Barak, LLC, attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper, and am familiar with the facts and circumstances surrounding this matter.

2.     Michelle Thomas and Michael A. Thomas (the "Debtors") are the owners of the property located at 333 South 7th Avenue, Mount Vernon, NY 10550 (the "Property").

3.     This affirmation is being filed in support of Nationstar's Motion for In Rem Relief From the Automatic Stay, filed on November 12, 2019 at ECF No. 14 (the "*In Rem* MFR").  The *In Rem* MFR seeks *in rem* relief from the automatic stay pursuant to Section 362(d)(4), or in the alternative for relief from the automatic stay pursuant to Section 362(d)(1) and/or (2).

4.      Although no opposition to the *In Rem* MFR was filed, the Debtors appeared personally at the return date of the *In Rem* MFR on January 8, 2020.  In response to the Trustee's pending Motion to Dismiss, which was predicated in part on the Debtors exceeding the Chapter 13 debt limits, the Debtors indicated an intent to convert their case to Chapter 11.

5.      Based on the intention to convert the case, the Court was unwilling to hear the *In Rem* MFR.

6.      However, the bankruptcy case was not quickly converted.  On March 20, 2020, the Trustee's office filed a notice of settlement of an order converting the case to Chapter 11.  Upon information and belief, this was not entered because the Debtors failed to pay the Chapter 11 filing fee.

7.      It was not until June 30, 2020 that the instant case was actually converted to Chapter 11.

8.      Since then, the Debtors have taken no action whatsoever to prosecute the Chapter 11 case.

9.      Upon information and belief, the Debtors have converted the instant case as part of their scheme to hinder, delay, or defraud the Secured Creditor in an attempt to forestall the Trustee's dismissal and to further delay the Secured Creditor's pending *In Rem* MFR.

## BACKGROUND

10.      Nationstar is a secured creditor of the Debtors pursuant to a note executed by Michael A. Thomas on February 22, 2007, whereby Michael A. Thomas promised to repay the principal amount of $343,000.00 plus interest to Resmae Mortgage Corporation (the "Note").  To secure the repayment of the Note, the Debtors granted Mortgage Electronic Registration Systems, Inc., as nominee for Resmae Mortgage Corporation a mortgage, which was duly recorded in the

Westchester County Clerk's Office on March 30, 2007 in Control # 470820585 (the "Mortgage,"

Note and Mortgage, collectively, as the "Loan"), encumbering the Property.   The Loan was

transferred from Mortgage Electronic Registration Systems, Inc., as nominee for Resmae

Mortgage Corporation to Resmae Mortgage Corporation, and said transfer was memorialized by

an Assignment of Mortgage executed on July 28, 2009 and recorded September 1, 2009 in Control

Number 492300439.   The Loan was subsequently transferred from Bridgefield Mortgage

Corporation F/K/A Resmae Mortgage Corporation to Aurora Loan Services LLC, and said transfer

was memorialized by an Assignment of Mortgage executed on January 5, 2011 and recorded

February 7, 2011 in Control Number 510323529.   The Loan was subsequently transferred from

Aurora Loan Services, LLC to Nationstar Mortgage LLC, and said transfer was memorialized by

an Assignment of Mortgage executed on May 13, 2013 and recorded August 5, 2013 in Control

Number 532103165.   The Loan was subsequently transferred to the Secured Creditor, and said

transfer was memorialized by an Assignment of Mortgage executed on October 7, 2016 and

recorded October 17, 2016 in Control # 562913072.

11.     A foreclosure was commenced in the Supreme Court of the State of New York,

County of Westchester, under index number 23206/09 (the "Foreclosure Action").

12.     The first bankruptcy was filed by Michael Thomas and Michelle Thomas on

January 9, 2013 under Chapter 13 as Case No. 13-35043-cgm ("First Bankruptcy").   During the

First Bankruptcy, Debtors filed a Motion to Surrender the Property, which was granted May 30,

2014 as ECF Doc No. 67.  The First Case converted to a Chapter 7 and Debtors received a Chapter

7 Discharge on August 2, 2016.

13.     A Judgment of Foreclosure & Sale ("JFS") was entered May 24, 2017 in the

Foreclosure Action.

14.     A foreclosure sale was scheduled and duly noticed for October 2, 2017 (the "First Sale").

15.     Four days prior to the First Sale, the second bankruptcy case was a Chapter 13 case filed by Michael Alexander Thomas on September 27, 2017 as Case No. 17-23483-rdd ("Second Bankruptcy"). The Second Bankruptcy was a barebones *pro se* petition without any supporting schedules. The Second Bankruptcy was dismissed pursuant to the trustee's motion to dismiss filed on November 9, 2017 for numerous deficiencies.

16.     Another foreclosure sale was scheduled and duly noticed for April 2, 2018 (the "Second Sale").

17.     Three days prior to the Second Sale, the third bankruptcy was a Chapter 11 case filed by the Debtors on March 30, 2018 as Case No. 18-35520-cgm ("Third Bankruptcy"). The Third Bankruptcy was initially a barebones petition. A Motion for Relief was filed by Movant on March 11, 2019. Prior to the hearing the US Trustee filed a Motion to Dismiss or Convert and the case was ultimately dismissed pursuant to 11 U.S.C § 1112(b), and the pending motion for relief was marked off as moot.

18.     Another foreclosure sale was scheduled and duly noticed for September 3, 2019 (the "Third Sale").

19.     One week prior to the Third Sale, the fourth and instant bankruptcy was filed by the Debtors on August 27, 2019 under Chapter 13 as Case No. 19-23539-shl (the "Instant Bankruptcy").

20.     On October 25, 2019, Nationstar filed a proof of claim, reflected as claim number 5-1 on the claims register, evidencing a total claim of $866,934.45, and including pre-petition arrears in the amount of $526,800.72.

21.     The Debtors do not include Movant on Schedule D as a secured creditor and have

thus far not proposed a Plan to address the arrears set out in Claim 5, filed by Movant.

22.     A review of Debtors' Schedules I & J appears to show little to no disposable

monthly income with which to fund a plan.

23.     The Debtors claim a gross income of exactly $5,200.00 per month.  The Debtors

then estimate expenses at $4,541.34 based on below signed counsel's calculation of the figures.  It

is worth noting that the expenses fail to account for the Secured Creditor's mortgage of $3,898.66

per month, and have absolutely no way to cure the pre-petition arrears of $526,800.72.

## DISCUSSION

24.      11 U.S.C. § 362(d)(4) states that:

> . . .after notice and a hearing, the court *shall* grant relief from the
> stay. . .
> (4) with respect to a stay of an act against real property under
> subsection (a), by a creditor whose claim is secured by an interest in
> such real property, *if the court finds that the filing of the petition was
> part of a scheme to delay, hinder, or defraud creditors* that involved
> either-
>   . . .
>     (B)  multiple bankruptcy filings affecting such real property.

11 U.S.C. § 362(d)(4) (emphasis added).

25.     When evaluating whether to grant relief under § 362(d)(4), "the mere timing and

filing of several bankruptcy cases is an adequate basis from which a court can draw a reasonable

inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud

creditors." *In re Blair*, 2009 Bankr. LEXIS 4195, 63 Collier Bankr. Cas. 2d (MB) 513 (noting that

each filing occurred on the eve or shortly before significant events effecting the property at issue

and consequently granting *in rem* relief).

26.     In the instant case, the Debtors have had three bad faith dilatory bankruptcy filings

immediately before scheduled foreclosure sales.

27.     Courts have considered several factors in determining whether multiple filings raise an inference of intent to hinder, delay or defraud secured creditors, including (1) debtor's failure to make post-petition payments on the loan, (2) debtor's failure to file the required documents and information necessary to prosecute the bankruptcy, and (3) the timing and the sequencing of the filings. *See In re Montalvo*, 416 B.R. 381, 386–87 (Bankr. E.D.N.Y. 2009).

28.     Again, the Debtors' dilatory filings clearly indicate that the Debtors do not have an intent to reorganize.  The Debtors have not taken any serious steps towards reorganization in any of the four bankruptcy filings.  The Debtors have filed barebones petitions, and have only filed token schedules to avoid automatic dismissal of the bankruptcies.

29.     In the instant case, when faced with the Trustee's Motion to Dismiss, the Debtors indicated an intent to convert when it became clear that this would allow them to keep the bankruptcy case pending longer, and then failed to take any of the steps necessary to effectuate the conversion.  The case was ultimately converted to Chapter 11 only because of actions taken by the Chapter 13 Trustee to effectuate the conversion.

30.     Further, little to no payments have been made on the Loan in more than a decade. The Debtors remain due for the October 1, 2008 payment, a default of almost exactly 12 years.

31.     In addition, the property is severely underwater.  The total claim to the Secured Creditor was $872,515.30 as of the filing of the *In Rem* MFR, and has continued to grow due to the Debtors' failure to make ongoing payments.  The Debtors' schedules value the Property at a mere $190,000.00.

32.     For these reasons, the Secured Creditor suggests that *in rem* relief from the automatic stay is clearly warranted.

33.     The Debtors have undertaken actions that clearly rise to the level of a scheme to

hinder, delay or defraud the Secured Creditor.

34.    The Secured Creditor stands to recover only a small fraction of the amount owed

on the mortgage while the Debtors have collected rent on this investment property for well over a

decade.

**WHEREFORE,** for the reasons set forth herein, Nationstar respectfully requests that the

*In Rem* MFR be granted pursuant to 11 U.S.C. § 362(d)(4), such that any and all future filings under

the Bankruptcy Code during the next two years by any person or entity with an interest in the Property

shall not operate as a stay as to its enforcement of its rights in and to 333 South 7th Avenue, Mount

Vernon, New York 10550, and/or for  an order granting relief from the automatic stay pursuant to 11

U.S.C. § 362(d)(1) and (2) together with any further relief that this Court deems appropriate.

Dated:  October 23, 2020
        Rochester, New York

                                        Respectfully Submitted,

                                        /s/ Robert W. Griswold
                                        Robert W. Griswold
                                        Bankruptcy Attorney
                                        Shapiro, DiCaro & Barak, LLC
                                        Attorneys for Nationstar Mortgage LLC d/b/a Mr.
                                        Cooper as Servicer for Wells Fargo Bank, National
                                        Association, as Trustee for Lehman ABS Mortgage
                                        Loan Trust 2007-1, Mortgage Pass-Through
                                        Certificates, Series 2007-1
                                        One Huntington Quadrangle, Suite 3N05
                                        Melville, New York 11747
                                        Telephone: (585) 247-9000
                                        Fax: (585) 247-7380

19-084773                                                    7

**SHAPIRO, DICARO & BARAK, LLC**
Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper
as Servicer for Wells Fargo Bank, National Association, as
Trustee for Lehman ABS Mortgage Loan Trust 2007-1,
Mortgage Pass-Through Certificates, Series 2007-1
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000, Fax: (585) 247-7380
**Robert W. Griswold**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

| | |
|---|---|
| IN RE: | |
| | CHAPTER 11 |
| MICHELLE THOMAS AND MICHAEL A. THOMAS, | CASE NO. 19-23539-rdd |
| | JUDGE: Robert D. Drain |
| DEBTORS. | MOTION DATE:  December 2, 2020 |
| | MOTION TIME: 10:00 a.m. |

## AFFIDAVIT OF SERVICE BY MAIL

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | )ss: |
| COUNTY OF MONROE | ) |

I, Ariane B. Drew, being sworn, say, I am not a party to this action; I am over 18 years of age, I reside in Ontario County, New York.

On October 23, 2020 I served the within Affirmation in Further Support of *In Rem* MFR upon:

TO:     Debtors Appearing Pro Se
        Michelle Thomas
        2713 Colonial Drive
        New Windsor, NY 12553

        Michael A. Thomas
        2713 Colonial Drive
        New Windsor, NY 12553

19-084773                                                        1

Trustee
Krista M. Preuss
Chapter 13 Standing Trustee
399 Knollwood Road
White Plains, NY 10603

U.S. Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

at the addresses designated by the foregoing individuals for that purpose by depositing a true copy

of same enclosed in a postpaid, properly addressed wrapper, in an official depository under the

exclusive care and custody of the United States Postal Service within the State of New York.

Date  10/23/2020

_____
Ariane B, Drew
Bankruptcy Paralegal
Shapiro, DiCaro & Barak, LLC
Attorneys for Nationstar Mortgage LLC
d/b/a Mr. Cooper as Servicer for Wells Fargo
Bank, National Association, as Trustee for
Lehman ABS Mortgage Loan Trust 2007-1,
Mortgage Pass-Through Certificates, Series
2007-1
175 Mile Crossing Boulevard
Rochester, New York 14624
Telephone: (585) 247-9000
Fax: (585) 247-7380

Sworn to before me this
23rd day of October, 2020

_____
Notary Public

MICHAEL J. CHATWIN
Notary Public, State of New York
Monroe County Reg.# 02CH6077570
Commission Expires July 15, 2022

19-084773                                                    2